TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, NY  10119
Telephone: (212) 594-5000
Albert Togut
Kyle J. Ortiz
Bryan M. Kotliar
Amanda C. Glaubach

*Proposed Counsel for the Debtor and*
*Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| GREENSILL CAPITAL INC., | Case No.:  21-10561 (MEW) |
| Debtor.[1] | |

**DEBTOR'S APPLICATION**
**FOR ENTRY OF ORDER (I) WAIVING**
**CERTAIN CREDITOR LIST FILING REQUIREMENTS;  AND**
**(II) AUTHORIZING THE DEBTOR TO ESTABLISH PROCEDURES**
**FOR NOTIFYING PARTIES OF THE COMMENCEMENT OF THIS CASE**

Greensill Capital Inc. ("Greensill Capital" or the "Debtor"), as debtor and

debtor in possession in the above-captioned case (the "Chapter 11 Case"), hereby makes

this application (the "Motion") for entry of an order, substantially in the form attached

hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 105(a), 341, 342(a) and

521(a)(1) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1007(d)

and 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and

Rule 1007-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for

the Southern District of New York ("Local Bankruptcy Rules"):  (i) waiving the

---

[1]    The last four digits of the Debtor's federal tax identification number are 3971.  The Debtor's corporate
headquarters is located at 2 Gansevoort Street, New York, New York 10014.

requirements applicable to creditor list filings under section 521(a)(1) of the Bankruptcy

Code, Bankruptcy Rule 1007(d), and Local Bankruptcy Rule 1007-1 (collectively, the

"List Filing Requirements");  and (ii) (A) authorizing the Debtor to establish certain

procedures (the Procedures") for notifying parties of the commencement of this

Chapter 11 Case and of the meeting of creditors to be held pursuant to section 341 of the

Bankruptcy Code (the "Section 341 Meeting") and (B) approving the form of notice of

commencement, a copy of which is attached to the Proposed Order as **Exhibit 1** (the

"Notice of Commencement").  In support of this Motion, the Debtor relies upon and

incorporates by reference the *Declaration of Matthew Tocks Pursuant to Local Bankruptcy

Rule 1007-2 and in Support of the Debtor's Chapter 11 Petition and First Day Pleadings* filed

with the Court substantially concurrently herewith (the "First Day Declaration").[2]  In

further support of the Motion, the Debtor, by and through its undersigned counsel,

respectfully represents:

## JURISDICTION AND VENUE

1.    This United States Bankruptcy Court for the Southern District of

New York (the "Court") has jurisdiction to consider this Motion pursuant to 28 U.S.C.

§§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31,

2012 (Preska, C.J.) (the "Amended Standing Order").  This is a core proceeding under 28

U.S.C. § 157(b).  The Debtor confirms its consent, pursuant to Bankruptcy Rule 7008, to

the entry of a final order by the Court in connection with the Motion to the extent that it

is later determined that the Court, absent consent of the parties, cannot enter final

orders or judgments in connection herewith consistent with Article III of the United

States Constitution.

---

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First
Day Declaration.

2.      Venue of this Chapter 11 Case and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

3.      The predicates for the relief requested herein are sections 105(a), 342(a) and 521(a)(1) of the Bankruptcy Code, Bankruptcy Rules 1007(d) and 2002, and Local Bankruptcy Rule 1007-1.

## BACKGROUND

4.      On the date hereof (the "Petition Date"), the Debtor commenced this Chapter 11 Case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5.      The Debtor continues to operate its business and manage its properties as a debtor and debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      No trustee or examiner has been appointed in this Chapter 11 Case. As of the date hereof, no official creditors' committee has been appointed.

7.      The factual background regarding the Debtor, including its corporate and capital structure, and the events leading to this Chapter 11 Case, is set forth in the First Day Declaration.

## RELIEF REQUESTED

8.      By this Motion, the Debtor seeks entry of an order, substantially in the form of the Proposed Order, (i) waiving the List Filing Requirements;  and (ii) (A) authorizing the Debtor to establish the Procedures for notifying parties of the commencement of this Chapter 11 Case and of the Section 341 Meeting and

(B) approving the Notice of Commencement, a copy of which is attached as **Exhibit 1** to the Proposed Order.[3]

**BASIS FOR RELIEF**

I.      **The Court Should Waive the List Filing Requirements**

9.      Under the List Filing Requirements and the procedures set forth therein, lists, schedules, and statements must comply with Bankruptcy Rule 1007 and Local Bankruptcy Rule 1007-1.  In addition, Local Bankruptcy Rule 1007-1(b)(1) requires that a debtor upload a creditors' matrix to the ECF creditor's database in specified format in cases where a claims agent has not been retained.

10.      The Debtor has prepared a list of creditors and potential parties in interest (the "Creditor List") based on the names and addresses maintained in the Debtor's records or were otherwise readily ascertainable by the Debtor prior to the Petition Date.  The Debtor has provided to the Clerk of Court (the "Clerk's Office") an electronic copy of the Creditor List.  The Creditor List is in a format ordinarily used by Debtor's counsel and might not comply with all or some of the various List Filing Requirements.

11.      Under the circumstances, reformatting the Creditor List, preparing and formatting a creditor matrix, and otherwise complying with the List Filing Requirements will impose unnecessary administrative burdens on the Debtor without any corresponding benefit to the estates.  Accordingly, the Debtor requests that the Court waive the List Filing Requirements and deem the Creditor List submitted to the

---

[3]    Pursuant to an agreement with the U.S. Trustee, the version of the Creditor List that will be available on the Debtor's case website (https://cases.stretto.com/greensill) will be redacted solely with respect to individual creditors' names and addresses.

Clerk's Office in electronic format, in lieu of filing a formatted creditor matrix, to be adequate and sufficient.

12.     To ensure the availability of a current master mailing list to all parties in this Chapter 11 Case, the Debtor proposes, through Debtor's counsel, an updated Creditor List to the Clerk in electronic format on a regular basis.

13.     Courts in this district have granted similar relief in other recent chapter 11 cases. *See, e.g.*, *In re Centric Brands Inc.*, Case No. 20-22637 (SHL) (Bankr. S.D.N.Y. Sept. 23, 2020) [Docket No. 664] (authorizing the debtors to prepare a list of creditors in lieu of submitting a formatted mailing matrix); *In re JCK Legacy Co. (f/k/a The McClatchy Co.)*, Case No. 20-10418 (MEW) (Bankr. S.D.N.Y. Feb. 14, 2020) [Docket No. 69] (same relief granted); *In re Agera Energy LLC*, Case No. 19-23802 (RDD) (Bankr. S.D.N.Y. Oct. 8, 2019) [Docket No. 53] (same relief granted); *In re Empire Generating Co., LLC*, Case No. 19-23007 (RDD) (Bankr. S.D.N.Y. May 24, 2019) [Docket No. 49] (same relief granted); *In re Cenveo, Inc.*, Case No. 18-22178 (RDD) (Bankr. S.D.N.Y. Feb. 6, 2018) [Docket No. 47] (same relief granted).

## II.     The Proposed Procedures for the Notice of Commencement are Appropriate

14.     Bankruptcy Rule 2002(a) provides, in relevant part, that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of . . . the meeting of creditors under § 341 or § 1104(b) of the Code." Fed. R. Bankr. P. 2002(a)(1). Furthermore, Bankruptcy Rule 2002 provides that notice of the order for relief shall be sent by mail to all creditors and shareholders. Fed. R. Bankr. P. 2002(d) & (f). The Debtor requests authority to serve by regular mail the Notice of Commencement to creditors and interest holders in accordance with Bankruptcy Rule 2002.

15.     These proposed Procedures will ensure that the Debtor's creditors and interest holders receive prompt notice of the commencement of this Chapter 11 Case and of the meeting of creditors.  Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  The Debtor submits that implementation of the Procedures is appropriate in this Chapter 11 Case to provide adequate notice and within the Court's equitable powers under section 105 of the Bankruptcy Code.  The Debtor hereby requests that the Court approve the foregoing as providing sufficient notice of the commencement of this Chapter 11 Case.

## NOTICE

16.     Notice of this Motion shall be given to:  (a) the United States Trustee for the Southern District of New York;  (b) the parties listed in the list of twenty (20) largest unsecured creditors filed by the Debtor in this Chapter 11 Case;  (c) the Internal Revenue Service;  and (d) any such other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(b).  The Debtor submits that no other or further notice need be provided.

## NO PRIOR REQUEST

17.     No previous request for the relief sought herein has been made to this Court or any other court.

*[Concluded on following page]*

## CONCLUSION

**WHEREFORE**, the Debtor respectfully requests that the Court (a) enter

the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the

relief requested herein, and (b) grant such other and further relief as may be just and

proper.

DATED:   New York, New York
          March 25, 2021

                    GREENSILL CAPITAL INC.,
                    *Debtor and Debtor in Possession*
                    By its Attorneys
                    TOGUT, SEGAL & SEGAL LLP
                    By:

                    */s/ Kyle J. Ortiz*
                    Albert Togut
                    Kyle J. Ortiz
                    Bryan M. Kotliar
                    Amanda C. Glaubach
                    One Penn Plaza, Suite 3335
                    New York, New York 10119
                    Telephone: (212) 594-5000