UNITED STATES BANKRUPTCY COURT SOUTHERN
DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| GREENSILL CAPITAL INC., | Case No.: 21-10561 (MEW) |
| Debtor.[1] | Related Docket No.: 6 |

INTERIM ORDER AUTHORIZING THE DEBTOR TO
(I) PAY PREPETITION EMPLOYEE WAGES, SALARIES,
BENEFITS, AND OTHER COMPENSATION;  (II) CONTINUE
TO PAY POSTPETITION EMPLOYEE WAGES, SALARIES, BENEFITS,
AND OTHER COMPENSATION;  AND (III) GRANTING RELATED RELIEF

Upon consideration of the application (the "Motion") of the above-captioned debtor and debtor in possession (the "Debtor") in the above-captioned case (the "Chapter 11 Case") for an order (this "Interim Order"), authorizing, but not directing, the Debtor to (i) pay prepetition wages, salaries, benefits, and other compensation (the "Prepetition Employee Obligations"), (ii) continue to pay postpetition wages, salaries, benefits, and other compensation in the ordinary course of business (as may be amended, renewed, replaced, modified, revised, supplemented and/or terminated from time to time), including certain prepetition obligations related thereto, and (iii) granting related relief, all as more fully set forth in the Motion;  and the Court having reviewed the Motion and the First Day Declaration[2] and having heard the

---

[1] The last four digits of the Debtor's federal tax identification number are 3971.  The Debtor's corporate headquarters is located at 2 Gansevoort Street, New York, New York 10014.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

statements of counsel regarding the relief requested in the Motion at a hearing before the Court (the "Hearing"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and this Court having found that this a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that venue of this proceeding and the Motion is properly pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The Debtor is authorized, but not directed, in its sole discretion to pay Prepetition Employee Obligations and related expenses arising under or related to Compensation and Benefits Programs, including any Processing Fees without regard as to whether the Processing Fees accrued or arose before, on or after the Petition Date; *provided that* the Debtor shall not pay amounts on account of prepetition Wage Obligations in excess of the Priority Cap; *provided further* that the Debtor shall not pay prepetition Wage Obligations or Unused Vacation Pay to the Terminated Employees.

3. The Debtor is authorized, but not directed, in its sole discretion, (a) to continue its Compensation and Benefits Programs in effect as of the Petition Date and pay related administrative expenses; and (b) to amend, renew, replace, modify, revise supplement, and/or terminate such Compensation and Benefits Programs in the ordinary course of business.

4. The Debtor is authorized, but not directed, in its sole discretion to pay the Registration Fees (without regard to whether the taxes and fees accrued or arose before, on or after the Petition Date).

5. The Debtor is authorized to engage and pay the COBRA Administrator in the ordinary course.

6. Nothing in this Interim Order should be construed as approving any transfer pursuant to section 503(c) of the Bankruptcy Code, and a separate motion will be filed for any request that could fall within the purview of section 503(c).

7. The automatic stay of section 362(a) of the Bankruptcy Code, to the extent applicable, is hereby lifted to permit, without further order of this Court: (a) the Debtor to continue the Workers' Compensation Programs and pay any amounts relating thereto in the ordinary course; and (b) insurers, including but not limited to Hanover, and third-party administrators providing coverage for any workers' compensation or direct action claims to draw on any and all collateral and/or prefunded loss accounts provided by or on behalf of the Debtor therefor, if and when the Debtor fails to pay

and/or reimburse any insurers and third-party administrators for any amounts in relation thereto. The modification of the automatic stay in this paragraph pertains solely to claims under the Workers' Compensation Programs and direct-action claims.

8. This Interim Order does not implicitly or explicitly approve any bonus plan, incentive plan, or other plan by section 503(c) of the Bankruptcy Code.

9. The Debtor is authorized to forward any unpaid amounts on account of Withholding Obligations to the appropriate third-party recipients or taxing authorities in accordance with the Debtor's prepetition practices and policies.

10. The Banks are (a) authorized and directed to receive, process, honor and pay any and all checks, drafts, electronic transfers and other forms of payment used by the Debtor on account of the Compensation and Benefits Programs, whether presented before, on or after the Petition Date; and (b) prohibited from placing any hold on, or attempting to reverse, any automatic transfer on account of the Compensation Benefits Programs. The Banks shall rely on the representations of the Debtor as to which checks and fund transfers should be honored and paid pursuant to this Interim Order without any duty of further inquiry and without liability for following the Debtor's instructions.

11. Nothing contained in this Motion or this Interim Order, nor any payment made pursuant to the authority granted by this Interim Order, shall constitute or be construed as (a) an admission as to the validity of any claim against the Debtor, (b)

a waiver of the Debtor's right to dispute the amount of, basis for, or validity of any claim against the Debtor, (c) a waiver of any claims or causes of action that may exist against any creditor or interest holder, (d) promise to pay any claim, (e) an approval, assumption, adoption or rejection or any agreement, contract, program, policy, or lease between the Debtor and any third party under section 365 of the Bankruptcy Code, or (f) otherwise affecting the Debtor's rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.

12. Nothing contained in the Motion or this Interim Order shall be construed to (a) create or perfect, in favor or any person or entity, any interest in cash of the Debtor that did not exist as of the Petition Date or (b) alter or impair any security interest or perfection thereof, in favor or any person or entity, that existed as of the Petition Date.

13. Nothing in the Motion or Order, nor as a result of any payment made pursuant to this Interim Order, shall be deemed or construed as a waiver of the Debtor's right, or shall impair the Debtor's ability to contest the validity and amount of any payment made pursuant to this Interim Order.

14. Nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

15. The final hearing (the "Final Hearing") on the Motion shall be held on **April 27, 2021 at 11:00 AM** (prevailing Eastern Time). Any objections or responses to

5

the entry of a final order on the Motion shall be filed on or before 4:00 PM (prevailing Eastern Time) on April 20, 2021 (the "Objection Deadline"), and shall be served on: proposed counsel to the Debtor, 1 Penn Plaza, Suite 3335, New York, New York 10119, Attn.: Kyle J. Ortiz, Esq. (kortiz@teamtogut.com) and Bryan M. Kotliar, Esq. (bkotliar@teamtogut.com). If no objections or responses are filed and served by the Objection Deadline, the Court may enter the Final Order without any further notice of a hearing.

16. The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

17. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(h) and the Local Rules are satisfied by such notice.

18. The terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

19. The Debtor is authorized and empowered to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

20. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

DATED:  New York, New York
March 27, 2021

/s/ Michael E. Wiles
HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE