## Exhibit A

## Bidding Procedures Order

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| GREENSILL CAPITAL INC., | Case No.: 21-21-10561 (MEW) |
| Debtor.[1] | Related Docket No. ___ |

**ORDER (A) APPROVING
BIDDING PROCEDURES RELATING TO THE SALE OF
DEBTOR'S EQUITY IN FINACITY CORPORATION; (B) ESTABLISHING
STALKING HORSE BIDDER AND APPROVING BID PROTECTIONS;
(C) SCHEDULING AN AUCTION AND A SALE HEARING; AND
(D) APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Upon the motion (the "Motion")[2] of Greensill Capital Inc., the debtor and debtor in possession (the "Debtor") in the above-captioned case (the "Chapter 11 Case"), for entry of an order (this "Bidding Procedures Order"), (a) approving the bidding procedures attached hereto as **Exhibit 1** (the "Bidding Procedures") in connection with the Sale of the Debtor's 100% ownership interest in Finacity Corporation (the "Finacity Equity"); (b) establishing the Katz Parties as the initial bidder (the "Stalking Horse Bidder") and authorizing the Debtor to pay the Break-Up Fee and Expense Reimbursement (the "Bid Protections") set forth and pursuant to the terms of the Sale and Settlement Agreement attached to the Motion as **Exhibit B** (the "Stalking Horse Purchase Agreement"); (c) scheduling an auction for the Finacity Equity (the "Auction") and the hearing with respect to the Sale (the "Sale Hearing"); and (d) approving the form and manner of notice of the Auction and Sale Hearing,

---

[1] The last four digits of the Debtor's federal tax identification number are 3971. The Debtor's corporate headquarters are located at 2 Gansevoort Street, New York, New York 10014.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion or the Bidding Procedures (as defined below), as applicable.

substantially in the form attached hereto as **Exhibit 2** (the "Sale Notice"); and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having considered the First Day Declaration and the Goldberg Declaration; and this Court having determined that the relief requested in the Motion with respect to the entry of this Bidding Procedures Order is in the best interests of the Debtor, its estate, its creditors and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that, except as otherwise ordered herein, no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

FOUND AND DETERMINED THAT:

A.    The Debtor's proposed notice of the Auction, the Sale and the other matters to be considered at the Sale Hearing pursuant to the Sale Notice is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Bidding Procedures, Auction, Sale Hearing, and Sale. No other and further notice beyond that described in the foregoing sentence shall be required.

B    The Bidding Procedures are fair, reasonable, appropriate and are designed to maximize recovery to the Debtor's estate and creditors.

C.    The Debtor has demonstrated compelling and sound business justifications for entering into the Stalking Horse Purchase Agreement and incurring the obligations arising thereunder or in connection therewith, including the provisions related to the payment of the Break-Up Fee and Expense Reimbursement under the circumstances, timing, and procedures set forth therein.

2

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED to the extent set forth herein.

2. The Bidding Procedures attached hereto as **Exhibit 1** are hereby approved in all respects.

3. The Bid Protections as set forth in the Stalking Horse Purchase Agreement, and the provisions of the Stalking Horse Purchase Agreement relating thereto, are hereby approved. The Debtor shall pay the Break-Up Fee to the Stalking Horse Bidder to the extent due and payable under the Stalking Horse Purchase Agreement.

4. All of the Debtor's obligations arising under or in connection with the Stalking Horse Agreement with respect to the Break-Up Fee and the Expense Reimbursement shall (a) survive termination of the Stalking Horse Purchase Agreement; (b) constitute an administrative expense claim under sections 503(b) and 507(a)(2) of the Bankruptcy Code and shall be senior to all other administrative expense claims that may be approved in the Chapter 11 Case; and (c) be payable under the terms and conditions of the Stalking Horse Purchase Agreement and this Order without any further order of this Court.

5. The Sale Notice is approved. As soon as reasonably practicable, but in no event later than the third (3rd) business day after entry of this Bidding Procedures Order, the Debtor (or its agent) shall serve the Sale Notice by first-class mail postage prepaid and e-mail (where available) upon: (a) the Office of the United States Trustee for the Southern District of New York, Region 2 (the "U.S. Trustee"), (b) counsel to any statutory committee appointed in this Chapter 11 Case, (c) the Debtor's creditors as of the Petition Date, (d) all entities reasonably known to have expressed an interest in the acquisition, directly or indirectly, of Finacity or the Finacity Equity, (e) the

3

Internal Revenue Service, United States Securities and Exchange Commission, and any other governmental authorities that (i) as a result of the Sale, may have claims, contingent or otherwise, in connection with the Debtor's ownership of the Finacity Equity or (ii) may have a claim against the Debtor or other reasonably known interest in the relief requested by the Motion relating to the Sale, (f) counsel to the administrator for Greensill Capital (UK) Limited, (g) counsel to Greensill Capital Pty Limited, (h) each party to the Stalking Horse Purchase Agreement; (i) all persons and entities known by the Debtor to have asserted any lien, claim, interest or encumbrance in the Finacity Equity; and (j) all other parties who have requested notice pursuant to Bankruptcy Rule 2002 as of the date hereof.  The Debtor shall post the Sale Notice and this Bidding Procedures Order on the Debtor's case website (https://cases.stretto.com/greensill) by no later than two (2) days after the entry of this Bidding Procedures Order.

6. The Auction is scheduled for **10:00 a.m. (ET) on April 23, 2021** to be conducted virtually through a Zoom link that will be made available to Qualified Bidders or at another place and time designated by the Debtor in a prior written notice emailed to all Qualified Bidders.

7. The deadline for objecting, for any reason, to approval of the Sale shall be **2:00 p.m. (ET) on April 26, 2021** (the "Sale Objection Deadline").  All objections to the Sale must be: (a) in writing; (b) state with specificity the basis of the objection, (c) signed by counsel or attested to by the objecting party; (d) in conformity with the Bankruptcy Rules, the Local Bankruptcy Rules and the case management procedures entered by the Court in this Chapter 11 Case; (e) filed with the Court; and (f) served on (i) the U.S. Trustee, (ii) counsel for the Debtor, Kyle J. Ortiz, Esq. (kortiz@teamtogut.com) and Bryan M. Kotliar, Esq. (bkotliar@teamtogut.com), and

(iii) counsel to the Stalking Horse Bidder, Tab Rosenfeld, Esq. (tab@rosenfeldlaw.com) so as to be actually received on or before the Sale Objection Deadline.

8. Failure to object to the relief requested in the Motion with respect to the Sale by the Sale Objection Deadline shall be deemed to be "consent" for purposes of section 363(f) of the Bankruptcy Code.

9. The Sale Hearing shall be held in this Court at **11:00 a.m. (ET) on April 27, 2021**. The Sale Hearing may be adjourned or rescheduled without further notice by an announcement at the Sale Hearing or by the filing of a notice or agenda on the docket of the Chapter 11 Case.

10. The Debtor is authorized and empowered to take all action necessary to effectuate the relief granted in this Bidding Procedures Order

11. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Bidding Procedures Order.

Dated: _____, 2021
  New York, New York

  HONORABLE MICHAEL E. WILES
  UNITED STATES BANKRUPTCY JUDGE

5