TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, NY 10119
Telephone: (212) 594-5000
Albert Togut
Kyle J. Ortiz
Bryan M. Kotliar
Amanda C. Glaubach

*Proposed Counsel for the Debtor and
Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| GREENSILL CAPITAL INC., | Case No.: 21-10561 (MEW) |
| Debtor.[1] | |

*EX PARTE* **APPLICATION TO SHORTEN
NOTICE OF THE DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER
(A) APPROVING BIDDING PROCEDURES RELATING TO THE SALE OF
DEBTOR'S OWNERSHIP INTERESTS IN FINACITY CORPORATION;
(B) ESTABLISHING STALKING HORSE BIDDER AND BID PROTECTIONS;
(C) SCHEDULING AN AUCTION AND A SALE HEARING;
AND (E) APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Greensill Capital Inc., as debtor and debtor in possession (the "Debtor") in the above-captioned case (the "Chapter 11 Case"), hereby makes this *ex parte* application (the "Motion"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 9006-1(b) and 9077-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York ("Local Bankruptcy Rules"), scheduling an expedited hearing and

---

[1] The last four digits of the Debtor's federal tax identification number are 3971. The Debtor's corporate headquarters is located at 2 Gansevoort Street, New York, New York 10014.

shortening the notice period with respect to that portion of the *Debtor's Application for Entry of Orders (I)(A) Approving Bidding Procedures Relating to the Sale of Debtor's Ownership Interests in Finacity Corporation; (B) Establishing Stalking Horse Bidder and Bid Protections; (C) Scheduling an Auction and a Sale Hearing; And (E) Approving the Form and Manner of Notice Thereof; And (II)(A) Approving the Sale of the Debtor's Ownership Interests in Finacity Corporation Free and Clear of All Liens, Claims, Interests, and Encumbrances; And (B) Granting Related Relief* filed substantially contemporaneously herewith (the "Bidding Procedures Motion") solely as it relates to entry of the proposed Bidding Procedures Order (as defined in the Bidding Procedures Motion), and setting the deadline for filing objections thereto.[2] The relief requested herein was discussed with the Court at the hearing scheduled on March 26, 2021. *See In re Greensill Capital Inc.*, Case No. 21-10561 (MEW), Mar. 26, 2021 Hr'g Tr. at 56:9-20, 57:9-10.

In support of this Motion, the Debtor respectfully submits the Declaration of Kyle J. Ortiz, Esq., a copy of which is attached hereto as **Exhibit B** (the "Ortiz Declaration"). In further support of the Motion, the Debtor, by and through its undersigned counsel, respectfully represents:

## JURISDICTION AND VENUE

1. This United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.) (the "Amended Standing Order"). This is a core proceeding under 28 U.S.C. § 157(b). The Debtor confirms its consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with the Motion to the extent

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Bidding Procedures Motion.

2

that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue of this Chapter 11 Case and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

3. The predicates for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006(c)(1), and Local Bankruptcy Rules 9006-1(b) and 9077-1.

## BACKGROUND

**A.    General Background**

4. On the March 25, 2021 (the "Petition Date"), the Debtor commenced this Chapter 11 Case by filing a petition for relief under chapter 11 of the Bankruptcy Code.

5. The Debtor continues to operate its business and manage its properties as a debtor and debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. No trustee or examiner has been appointed in this Chapter 11 Case. As of the date hereof, no creditors' committee has been appointed.

7. The factual background regarding the Debtor, including its corporate and capital structure, and the events leading to this Chapter 11 Case, is set forth in the *Declaration of Matthew Tocks in Support of the Debtor's in Support of Chapter 11 Petition and First Day Motions*, filed on March 25, 2021 [Docket No. 2] (the "First Day Declaration").

## RELIEF REQUESTED

8. By this Motion, the Debtor seeks entry of an order, substantially in the form of the Proposed Order, shortening the time required for notice so that the portion of the Bidding Procedures Motion requesting entry of the proposed Bidding Procedures Order may be heard on **April 5, 2021 at 11:00 a.m. (prevailing Eastern Time)** (the "Bidding Procedures Hearing"), and requiring that objections to the Bidding Procedures Motion, if any, be filed and served so that they are received by **April 2, 2021, at 4:00 p.m. (prevailing Eastern Time)** (the "Bidding Procedures Objection Deadline").

## BASIS FOR RELIEF

9. The Debtor is, absent an order shortening time, required to file and serve the Bidding Procedures Motion at least 14 days prior to the relevant hearing on the Bidding Procedures Motion. *See* Local Bankr. R. 9006-1(b). However, Bankruptcy Rule 9006(c)(1) provides that this Court may, "for cause shown," exercise its discretion its discretion to enter an order reducing the required notice period for a motion. Fed. R. Bankr. P. 9006(c)(1). Additionally, Local Bankruptcy Rule 9006-1(b) provides that, "*[e]xcept as otherwise ordered by the court*, or required by the Bankruptcy Rules, all [non-discovery-related] motion papers shall be served at least (14) days before the return date." Local Bankr. R. 9006-1(b) (emphasis added).

10. The Debtor submits that "cause" exists here to reduce the notice period on the Bidding Procedures Motion because time is of the essence.

11. Time is of the essence because the Debtor has critically low levels of liquidity and has ceased all revenue generating business operations. In order to remain administratively solvent through this Chapter 11 Case and fund the asset sale described in the Bidding Procedure Motion, the Debtor requires debtor in possession financing (the "DIP Financing"). However, the DIP Financing is dependent upon the Debtor's

4

ability to demonstrate to potential lenders a source of repayment from the sale of the Debtor's single significant asset, the Debtor's equity interests in its wholly owned non-debtor subsidiary, Finacity Corporation (the "Finacity Equity").  In addition, the Stalking Horse Purchaser has required as part of its bid that the transaction close by no later than May 15, 2021.

14. The relief requested in the Bidding Procedures Motion is solely to approve the auction and sale process and a break-up fee and expense reimbursement for the Stalking Horse Bidder that is in line with Bid Protections approved by bankruptcy courts.  Furthermore, because the transaction is structured as a stock sale and does not implicate the assumption and assignment of any executory contracts and/or unexpired leases, the universe of affected parties and the type of relief sought by the Bidding Procedures Order is fairly limited.

13. Finally, the Debtor's investment banker has submitted a declaration in support of the timeline and schedule set forth in the proposed Bidding Procedures Order and believes that the proposed timeframe is sufficient to complete the marketing process, assuming the cooperation of Finacity and its management team.

## NOTICE

14. Notice of this Motion shall be given to:  (a) the United States Trustee for the Southern District of New York;  (b) the parties listed in the list of twenty (20) largest unsecured creditors filed by the Debtor in this Chapter 11 Case;  (c) the Internal Revenue Service;  (d) the Stalking Horse Bidder;  and (e) any such other party entitled to notice pursuant to Local Bankruptcy Rule for the United States Bankruptcy Court for the Southern District of New York 9013-1(b).  The Debtor submits that no other or further notice need be provided.

## NO PRIOR REQUEST

15.     No previous request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

**WHEREFORE**, the Debtor respectfully requests that the Court (a) enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein, and (b) grant such other and further relief as may be just and proper.

DATED:   New York, New York
         March 29, 2021

GREENSILL CAPITAL INC.,
*Debtor and Debtor in Possession*
By its Attorneys
TOGUT, SEGAL & SEGAL LLP
By:

*/s/ Kyle J. Ortiz*
Albert Togut
Kyle J. Ortiz
Bryan M. Kotliar
Amanda C. Glaubach
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone: (212) 594-5000