# Exhibit B

## Ortiz Declaration

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| GREENSILL CAPITAL INC., | Case No.: 21-10561 (MEW) |
| Debtor.[1] | |

**DECLARATION OF KYLE J. ORTIZ, ESQ. IN SUPPORT OF
THE DEBTOR'S *EX PARTE* APPLICATION FOR ORDER TO SHORTEN
NOTICE OF THE DEBTOR'S APPLICATION FOR ENTRY OF ORDERS
(I)(A) APPROVING BIDDING PROCEDURES RELATING TO THE SALE OF
DEBTOR'S OWNERSHIP INTERESTS IN FINACITY CORPORATION;
(B) ESTABLISHING STALKING HORSE BIDDER AND BID PROTECTIONS;
(C) SCHEDULING AN AUCTION AND A SALE HEARING;
AND (E) APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Pursuant to 28 U.S.C. § 1746, I, Kyle J. Ortiz, Esq., hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a member of firm of Togut, Segal & Segal LLP (the "Togut Firm"), which maintains offices for the practice of law at One Penn Plaza, Suite 3500, New York, New York 10119. I am admitted in, practicing in, and a member in good standing of the bar of the State of New York. I submit this declaration (the "Declaration") in support of the Debtor's *Ex Parte Application to Shorten Notice of the Debtor's Application for Entry of Orders (I)(A) Approving Bidding Procedures Relating to the Sale of Debtor's Ownership Interests in Finacity Corporation; (B) Establishing Stalking Horse Bidder and Bid Protections; (C) Scheduling an Auction and a Sale Hearing; and (E) Approving the Form and Manner of Notice Thereof* (the "Motion to Shorten").

---

[1] The last four digits of the Debtor's federal tax identification number are 3971. The Debtor's corporate headquarters is located at 2 Gansevoort Street, New York, New York 10014.

2.  Except where specifically noted, the statements in this Declaration are based on my personal knowledge, belief, or opinion; information that I have received from the Debtor's employees or advisors and/or employees of the Togut Firm working directly with me or under my supervision, direction, or control; or from the Debtor's records maintained in the ordinary course of its business.

3.  As a professional retained by the Debtor, the Togut Firm is charging for services provided in this matter, but I am not being compensated for providing this Declaration or testimony. If I were called upon to testify, I could and would testify competently to the facts set forth herein. I am authorized to submit this Declaration on behalf of the Debtor.

## THE NECESSITY OF SHORTENED NOTICE

4.  The Debtor filed the *Debtor's Application for Entry of Orders (I)(A) Approving Bidding Procedures Relating to the Sale of Debtor's Ownership Interests in Finacity Corporation; (B) Establishing Stalking Horse Bidder and Bid Protections; (C) Scheduling an Auction and a Sale Hearing; and (E) Approving the Form and Manner of Notice Thereof; and (II)(A) Approving the Sale of the Debtor's Ownership Interests in Finacity Corporation Free and Clear of All Liens, Claims, Interests, and Encumbrances; and (B) Granting Related Relief* substantially contemporaneously herewith (the "Bidding Procedures Motion") solely as it related to entry of the proposed Bidding Procedures Order (as defined in the Bidding Procedures Motion).[2] The Debtor is, absent an order shortening time, required to file and serve the Bidding Procedures Motion at least 14 calendar days prior to the hearing on the Bidding Procedures Motion. By the Motion to Shorten, the Debtor is requesting to shorten the notice period to **April 2, 2021, at 4:00 p.m. (prevailing Eastern Time)** (the

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Bidding Procedures Motion.

"Bidding Procedures Objection Deadline") and is requesting that the Bidding Procedures Motion may be heard on **April 5, 2021 at 11:00 a.m. (prevailing Eastern Time)** (the "Bidding Procedures Hearing"). The relief requested in the Motion to Shorten was discussed with the Court at the hearing scheduled on March 26, 2021. *See In re Greensill Capital Inc.*, Case No. 21-10561 (MEW), Mar. 26, 2021 Hr'g Tr. at 56:9-20, 57:9-10.

5.  I believe the relief requested by the Debtor in the Motion to Shorten is appropriate and necessary because time is of the essence for the Debtor for the relief requested in the Bidding Procedures Motion.

6.  Time is of the essence because the Debtor has critically low levels of liquidity and has ceased all revenue generating business operations. In order to remain administratively solvent through this Chapter 11 Case and fund the asset sale described in the Bidding Procedure Motion, the Debtor requires debtor in possession financing (the "DIP Financing"). However, the DIP Financing is dependent upon the Debtor's ability to demonstrate to potential lenders a source of repayment from the sale of the Debtor's single significant asset, the Debtor's equity interests in its wholly owned non-debtor subsidiary, Finacity Corporation (the "Finacity Equity"). Moreover, the Stalking Horse Purchaser has required as part of its bid that the transaction close by no later than May 15, 2021.

7.  That said, the relief requested in the Bidding Procedures Motion is solely to approve the auction and sale process and a break-up fee and expense reimbursement for the Stalking Horse Bidder. The break-up fee and expense reimbursement for the Stalking Horse Bidder sought in the Bidding Procedures Motion is in line with Bid Protections approved by bankruptcy courts. Additionally, because the transaction is structured as a stock sale and does not implicate the assumption and

3

assignment of any executory contracts and/or unexpired leases, the universe of affected parties and the type of relief sought by the Bidding Procedures Order is fairly limited.

8. Accordingly, I believe that expedited consideration of the Bidding Procedures Motion is both appropriate and necessary to maximize the value of the Debtor's estate for the benefit of all creditors and other stakeholders.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

DATED:   New York, New York
         March 29, 2021

                                        /s/ Kyle J. Ortiz
                                        Kyle J. Ortiz, Esq.
                                        Partner
                                        Togut, Segal & Segal LLP

4