TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone: (212) 594-5000
Albert Togut
Kyle J. Ortiz
Bryan M. Kotliar
Amanda C. Glaubach

*Proposed Counsel to the Debtor
and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| GREENSILL CAPITAL INC., | Case No.: 21-10561 (MEW) |
| Debtor.[1] | |

**DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER
ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

TO THE HONORABLE MICHAEL E. WILES,
UNITED STATES BANKRUPTCY JUDGE:

Greensill Capital Inc., as debtor and debtor in possession (the "Debtor") in the above-captioned case (the "Chapter 11 Case"), hereby makes this application (this "Motion"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"),[2] pursuant to sections 105(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016-1 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of

---

[1]    The last four digits of the Debtor's federal tax identification number are 3971. The Debtor's address is c/o Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, New York 10119.

[2]    The Proposed Order substantially conforms to the form of order on the Court's website at: https://www.nysb.uscourts.gov/sites/default/files/pdf/Procedures_for_Monthly_Compensation.pdf).

New York (the "Local Bankruptcy Rules"), establishing procedures for interim compensation and reimbursement of professional expenses during this Chapter 11 Case. In support of this Motion, the Debtor, by and through its undersigned counsel, respectfully represents as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.) (the "Amended Standing Order"). This is a core proceeding under 28 U.S.C. § 157(b). The Debtor confirms its consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with the Motion to the extent that it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue of this Chapter 11 Case and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

3. The legal predicates for the relief requested herein are sections 105(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Bankruptcy Rule 2016-1.

## BACKGROUND

4. On March 25, 2021, (the "Petition Date"), the Debtor commenced this Chapter 11 Case by filing a petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court").

5. The Debtor continues to operate its business and manage its properties as debtor and debtor in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

6. On April 7, 2021, the United States Trustee for Region 2 (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee") pursuant to section 1102(a) of the Bankruptcy Code [Docket No. 42].

7. The factual background regarding the Debtor, including its business operations, their corporate structure, and the events leading to these Chapter 11 Cases, is set forth in detail in the *Declaration of Matthew Tocks Pursuant to Local Bankruptcy Rule 1007-2 and in Support of the Debtor's Chapter 11 Petition and First Day Pleadings*, filed on March 25, 2021 [Docket No. 2] (the "First Day Declaration"),[3] which is incorporated herein by reference.

8. Contemporaneously with the filing of this Motion, the Debtor has filed applications to retain Togut, Segal & Segal LLP as its bankruptcy counsel; Mayer Brown LLP as its special counsel; and GLC Advisors & Co., LLC as the Debtor's financial advisor and investment banker. The Debtor may seek to retain other professionals to assist it in these cases as the need arises (collectively, the "Debtor's Professionals"). In addition, the Creditors' Committee has retained Arent Fox LLP as its legal counsel, and CohnReznick LLP as its proposed financial advisor, and may retain other professionals, to assist them (collectively with the Debtor's Professionals, the "Chapter 11 Professionals").

---

[3] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

**RELIEF REQUESTED**

9. By this Motion, the Debtor seeks entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, establishing a process for the allowance and payment of compensation and reimbursement for the Chapter 11 Professionals whose retentions are approved by the Court, and who will be required to file applications for allowance of compensation and reimbursement of expenses

**BASIS FOR RELIEF REQUESTED**

10. Under section 331 of the Bankruptcy Code, all professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if this Court permits. Accordingly, the Debtor requests the establishment of procedures (a) for compensating and reimbursing the Chapter 11 Professionals on a monthly basis and (b) governing the interim and final fee application process. In addition, pursuant to section 503(b)(3)(F) of the Bankruptcy Code, the Debtor seeks to establish a mechanism by which members of the Creditors' Committee may be reimbursed for expenses incurred in the performance of their duties.

11. The specific relief requested by the Debtor conforms substantially with Bankruptcy Rule 2016, standing General Orders M-412 and M-447 of the Bankruptcy Court for the Southern District of New York, and Local Rule 2016-1, which establishes procedures for monthly compensation and reimbursement of expenses of professionals.

12. Accordingly, the Debtor proposes that the interim payment of compensation and reimbursement of expenses to the Chapter 11 Professionals be permitted as follows:

    (a) On or before the twentieth (20th) day of each month following the month for which compensation is sought, each Chapter 11 Professional shall serve a monthly statement (a

"Monthly Fee Statement") by electronic mail, hand, or overnight delivery, on (1) the Debtor, c/o Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, New York 10119, Attn.: Matthew Tocks, Head of Restructuring (Americas) (matthew.tocks@greensill.com); (2) proposed counsel to the Debtor, Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, New York 10119, Attn.: Kyle J. Ortiz, Esq. (kortiz@teamtogut.com) and Bryan M. Kotliar, Esq. (bkotliar@teamtogut.com); (3) William K. Harrington, United States Trustee, the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn.: Susan Arbeit, Esq. (susan.arbeit @usdoj.gov); and (4) proposed counsel to the Creditors' Committee, Arent Fox LLP, 1301 Avenue of the Americas, Floor 42, New York, New York 10019, Attn.: George Angelich, Esq. (George.Angelich@ArentFox.com), Jordana Renert, Esq. (Jordana.Renert@ArentFox.com); and 800 Boylston Street, 32nd Floor, Boston, MA 02199, Attn.: Justin Kesselman (justin.kesselman@ArentFox.com) (collectively, the "Notice Parties"). The first Monthly Fee Statement for Chapter 11 Professionals retained as of the Petition Date shall cover the period from the Petition Date through and including April 30, 2021.

(b) On or before the twentieth (20th) day of each month following the month for which compensation is sought, each Chapter 11 Professional shall file a Monthly Fee Statement with the Court; provided, however, a courtesy copy need not be delivered to the Court because this Motion is not intended to alter the fee application requirements outlined in section 330 and 331 of the Bankruptcy Code. Chapter 11 Professionals shall still be required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

(c) Each Monthly Fee Statement must contain a list of the individuals—and their respective titles (e.g., attorney, accountant, or paralegal)—who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred, and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour unless otherwise ordered by the Court.

(d) If any party in interest has an objection to the compensation or reimbursement sought in a particular Monthly Fee

5

Statement, such party shall, by no later than the thirty-fifth (35th) day following the month for which compensation is sought (the "Objection Deadline"), file with the Court and serve upon the professional whose Monthly Fee Statement is objected to, and the other persons designated to receive statements in paragraph (a), a written "Notice Of Objection To Fee Statement," setting forth the nature of the objection and the amount of fees or expenses at issue.

(e) At the expiration of the Objection Deadline, the Debtor shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each Monthly Fee Statement to which no objection has been served in accordance with paragraph (d) without further order of the Court.

(f) If a Notice of Objection To Fee Statement is filed, the Debtor shall withhold payment of only that portion of the Monthly Fee Statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e) unless the professional whose statement is objected to seeks an order from the Court, upon notice and a hearing, directing payment to be made.

(g) If the parties to an objection are able to resolve their dispute following the filing of A Notice of Objection to Fee Statement and if the party whose Monthly Fee Statement was objected to files a statement indicating that the objection is withdrawn, then the Debtor shall promptly pay, in accordance with paragraph (e), that portion of the Monthly Fee Statement which is no longer subject to an objection;

(h) All objections that are not resolved by the parties or Court order, shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court (see paragraph (j), below).

(i) The service of an objection in accordance with paragraph (d) shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground whether raised in the objection or not. Furthermore, the decision by any party not to object to a Monthly Fee Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

(j)     Approximately every one hundred twenty (120) days, but no more than every one hundred fifty (150) days, each of the professionals shall serve and file with the Court an application for interim (an "<u>Interim Fee Application</u>") or final (a "<u>Final Fee Application</u>") Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested.

(k)     Any professional who fails to file an application seeking approval of compensation and expenses previously paid under the Proposed Order when due shall (1) be ineligible to receive further monthly payments of fees or expenses as provided herein until further order of the Court, and (2) may be required to disgorge any fees paid since retention or the last fee application, whichever is later.

(l)     The pendency of an application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular statement shall not disqualify a professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

(m)     Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any professionals.

(n)     Counsel to the Creditors' Committee may, in accordance with the foregoing procedure for monthly compensation and reimbursement of professionals, collect and submit statements of expenses, with supporting vouchers, from members of the Creditors' Committee he or she represents; provided, however, that Creditors' Committee counsel ensures that these reimbursement requests comply with the Guidelines for Fees and Disbursements for Professionals in Southern district of New York Bankruptcy Cases.

13.     The Debtor further requests that the Court limit service of interim fee applications and the final fee application (collectively, the "<u>Applications</u>") to the Notice Parties. The Debtor further requests that all other parties that have filed a notice of appearance with the Clerk of this Court and requested notice of pleadings in the Chapter 11 Case shall be entitled to receive only notice of hearings on the Applications

(the "Hearing Notices"). Serving the Applications and the Hearing Notices in this manner will permit the parties most active in this case to review and object to the Professionals' fees and will save unnecessary duplication and mailing expenses.

14. The Debtor submits that establishing procedures for compensation and reimbursement of expenses will enable parties in interest to monitor closely the costs of administration, maintain a level cash flow, and implement efficient cash management procedures. The Debtor submits that these procedures are in the best interests of the Debtor, its estates, and its creditors and will leave sufficient liquidity in the Chapter 11 Case to meet all obligations proposed herein. Moreover, courts in this district have routinely granted to debtors the same or substantially similar relief to that requested in this Motion. *See, e.g., In re McClatchy Company, et al.,* Case No. 20-10418 (MEW) (Bankr. S.D.N.Y. Mar. 11, 2020); *In re Pacific Drilling S.A.*, Case No. 17-13193 (MEW) (Bankr. S.D.N.Y. Dec. 15, 2017); *In re Toisa Limited,* Case No. 17-10184 (SCC) (Bankr. S.D.N.Y. Feb. 21, 2017); *In re SunEdison, Inc.*, Case No. 16-10992 (SMB) (Bankr. S.D.N.Y. May 12, 2016); *In re The Great Atlantic & Pacific Tea Company, Inc.*, Case No. 15-23007) (Bankr. S.D.N.Y. Sept. 2, 2015); *In re Chassix Holdings, Inc.,* Case No. 15- 10587 (Bankr. S.D.N.Y. April 14, 2015); *In re Dewey & LeBoeuf LLP*, Case No. 12-12321 (MG) (Bankr. S.D.N.Y. June 15, 2012); *In re General Maritime Corp., et al.*, Case No. 11-15285 (MG) (Bankr. S.D.N.Y. Dec. 12, 2011); *In re Tronox Incorporated,,* Case No. 09-10156 (ALG) (Bank. S.D.N.Y. Jan. 13, 2009).

## NOTICE

15. Notice of this Motion shall be given to: (a) the U.S. Trustee; (b) counsel to the Creditors' Committee; (c) the Internal Revenue Service; and (d) any such other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(b). The Debtor submits that no other or further notice need be provided.

## NO PRIOR REQUEST

16. No prior request for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, the Debtor respectfully requests this Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and such other and further relief as may be just and proper.

DATED: New York, New York
April 21, 2021

> GREENSILL CAPITAL INC.,
> *Debtor and Debtor in Possession*
> By its Proposed Counsel
> TOGUT, SEGAL & SEGAL LLP
> By:
>
> */s/ Kyle J. Ortiz*
> Albert Togut
> Kyle J. Ortiz
> Bryan M. Kotliar
> Amanda C. Glaubach
> One Penn Plaza, Suite 3335
> New York, New York 10119
> Telephone: (212) 594-5000