# Exhibit A

**Proposed Order**

21-10561-mew    Doc 63-1    Filed 04/21/21    Entered 04/21/21 14:08:53    Exhibit A: Proposed Order    Pg 1 of 7

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| GREENSILL CAPITAL INC., | Case No.: 21-10561 (MEW) |
| Debtor.[1] | Related Docket No. __ |

**ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

Upon the application (the "Motion")[2] of the debtor and debtor in possession (the "Debtor") in the above-captioned case (this "Chapter 11 Case"), for entry of an order (the "Order"), pursuant to sections 105(a) and 331 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules") authorizing and establishing procedures for interim compensation and reimbursement of expenses for Chapter 11 Professionals; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. §157(b)(2); and it appearing that venue of this proceeding and the Motion in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion appearing adequate and appropriate under the circumstances; and the Court having found that no other or further notice is needed or necessary; and it appearing, and the Court having found, that the relief requested in

---

[1] The last four digits of the Debtor's federal tax identification number are 3971. The Debtor's address is c/o Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, New York 10119.

[2] Capitalized terms used herein, but not otherwise defined, shall have the meanings ascribed to them in the Motion.

the Motion is in the best interest of the Debtor's estate, its creditors, and other parties in interest; and any objections to the relief requested in the Motion having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

    1.    The Application is **GRANTED** to the extent provided herein.

    2.    Except as may otherwise be provided in orders of this Court authorizing the retention of specific professionals, all professionals in this case may seek interim compensation in accordance with the following procedures:

        (a)    On or before the twentieth (20th) day of each month following the month for which compensation is sought, each Chapter 11 Professional shall serve a monthly statement (a "Monthly Fee Statement") by electronic mail, hand, or overnight delivery, on (1) the Debtor, c/o Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, New York 10119, Attn.: Matthew Tocks, Head of Restructuring (Americas) (matthew.tocks@greensill.com); (2) proposed counsel to the Debtor, Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, New York 10119, Attn.: Kyle J. Ortiz, Esq. (kortiz@teamtogut.com) and Bryan M. Kotliar, Esq. (bkotliar@teamtogut.com); (3) William K. Harrington, United States Trustee, the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn.: Susan Arbeit, Esq. (susan.arbeit @usdoj.gov); and (4) proposed counsel to the Creditors' Committee, Arent Fox LLP, 1301 Avenue of the Americas, Floor 42, New York, New York 10019, Attn.: George Angelich, Esq. (George.Angelich@ArentFox.com), Jordana Renert, Esq. (Jordana.Renert@ArentFox.com) and 800 Boylston Street, 32nd Floor, Bocton MA, 02199 Attn.: Justin Kesselman (justin.kesselman@ArentFox.com) (collectively, the "Notice Parties"). The first Monthly Fee Statement for Chapter 11 Professionals retained as of the Petition Date shall cover the period from the Petition Date through and including April 30, 2021.

        (b)    On or before the twentieth (20th) day of each month following the month for which compensation is sought, each Chapter 11 Professional shall file a Monthly Fee Statement with the Court; provided, however, a courtesy copy need not be delivered to the Court because this Motion is not intended to alter the fee application requirements outlined in

2

    section 330 and 331 of the Bankruptcy Code. Chapter 11 Professionals shall still be required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

(c)     Each Monthly Fee Statement must contain a list of the individuals—and their respective titles (e.g., attorney, accountant, or paralegal)—who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred, and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour unless otherwise ordered by the Court.

(d)     If any party in interest has an objection to the compensation or reimbursement sought in a particular Monthly Fee Statement, such party shall, by no later than the thirty-fifth (35th) day following the month for which compensation is sought (the "<u>Objection Deadline</u>"), file with the Court and serve upon the professional whose Monthly Fee Statement is objected to, and the other persons designated to receive statements in paragraph (a), a written "<u>Notice Of Objection To Fee Statement</u>," setting forth the nature of the objection and the amount of fees or expenses at issue.

(e)     At the expiration of the Objection Deadline, the Debtor shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each Monthly Fee Statement to which no objection has been served in accordance with paragraph (d) without further order of the Court.

(f)     If a Notice of Objection To Fee Statement is filed, the Debtor shall withhold payment of only that portion of the Monthly Fee Statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e) unless the professional whose statement is objected to seeks an order from the Court, upon notice and a hearing, directing payment to be made.

(g)     If the parties to an objection are able to resolve their dispute following the filing of A Notice of Objection to Fee Statement and if the party whose Monthly Fee Statement was objected to files a statement indicating that the objection is withdrawn, then the Debtor shall promptly pay, in

3

        accordance with paragraph (e), that portion of the Monthly Fee Statement which is no longer subject to an objection.

(h)      All objections that are not resolved by the parties or Court order, shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court (see paragraph (j), below).

(i)      The service of an objection in accordance with paragraph (d) shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground whether raised in the objection or not. Furthermore, the decision by any party not to object to a Monthly Fee Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

(j)      Approximately every one hundred twenty (120) days, but no more than every one hundred fifty (150) days, each of the professionals shall serve and file with the Court an application for interim (an "<u>Interim Fee Application</u>") or final (a "<u>Final Fee Application</u>") Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested.

(k)      Any professional who fails to file an application seeking approval of compensation and expenses previously paid under the Proposed Order when due shall (1) be ineligible to receive further monthly payments of fees or expenses as provided herein until further order of the Court, and (2) may be required to disgorge any fees paid since retention or the last fee application, whichever is later.

(l)      The pendency of an application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular statement shall not disqualify a professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

(m)      Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any professionals.

       (n)    Counsel to the Creditors' Committee may, in accordance with the foregoing procedure for monthly compensation and reimbursement of professionals, collect and submit statements of expenses, with supporting vouchers, from members of the Creditors' Committee he or she represents; provided, however, that Creditors' Committee counsel ensures that these reimbursement requests comply with the Guidelines for Fees and Disbursements for Professionals in Southern district of New York Bankruptcy Cases.

3.     Service of the Applications may be limited to the Notice Parties.

4.     All other parties who have filed a notice of appearance with the Clerk of this Court and requested notice of pleadings in these Chapter 11 Cases shall be entitled to receive only Hearing Notices.

5.     Each professional may seek, in its first request for compensation and reimbursement of expenses pursuant to this Order, compensation for work performed and reimbursement for expenses incurred from the Petition Date or on the date of the professional's retention and ending on April 30, 2021.

6.     The amount of fees and disbursements sought shall be set out in U.S. dollars (if the fees and disbursements are to be paid in foreign currency, the amount shall be set out in U.S. dollars and the conversion amount in the foreign currency, calculated at the time of the submission of the application).

7.     The Debtor shall include all payments to professionals on their monthly operating reports, detailed so as to state the amount paid to each professional.

8.     Any party-in-interest may object to requests for monthly payment made under this order on the grounds, among other things, that the Debtor has not timely filed monthly operating reports or remained current with their administrative expenses and 28 U.S.C. § 1930 fees, or that manifest exigency exists, by seeing further order of this Court. Otherwise, this Order shall continue and shall remain in effect during the pendency of this case.

9. Any and all further notice of the relief requested in the Motion shall be, and hereby is, dispensed with and waived; provided however, that the Debtor must serve a copy of this order on the Notice Parties.

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this order.

Dated:  New York, New York
_____, 2021

_____
HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE