# Arent Fox

**Arent Fox LLP** / Attorneys at Law
Boston / Los Angeles / New York / San Francisco / Washington, DC

August 4, 2021

VIA E-MAIL

The Honorable Michael E. Wiles
United States Bankruptcy Judge
United States Bankruptcy Court for the Southern District of New York
One Bowling Green, Courtroom 617
New York, NY 10004

**George Angelich**
Partner
212.457.5423 DIRECT
212.484.3990 FAX
george.angelich@arentfox.com

Re:   In re Greensill Capital Inc., Case No. 21-10561 (MEW)

Dear Judge Wiles:

We represent the Official Committee of Unsecured Creditors (the "Committee") of Debtor Greensill Capital Inc. (the "Debtor") in connection with the above-referenced case and write in connection with today's status conference on the sale of the Debtor's 100% ownership interest in Finacity Corporation (the "Finacity Sale").

At the prior status conference on July 8, the Debtor declared White Oak Global Advisors ("White Oak") the winning bidder in the Finacity Sale. In so doing, Debtor's counsel described the key components of White Oak's bid, including the preservation of substantial causes of action for the benefit of the estate:

> It is important to note, Your Honor, that not included in the releases are any of the seller parties involved in the 2019 SPA that are not Katz parties or current employees of Finacity. So what does that mean exactly? Well, there are $60 million of potential fraudulent transfer claims related to the 2019 transaction which had multiple seller parties.
>
> The sale to the winning bidder only requires release of roughly $10 million of that, leaving $50 million for the Debtor to still pursue.

Transcript [Docket No. 184], pp. 10-11.

Following the status conference, the Committee propounded discovery regarding the Finacity Sale (as well as the Debtor's IP and DIP Motions) in connection with a potential contested hearing, including document and deposition subpoenas to Lex Greensill (the Debtor's director), White Oak, and certain potential bidders who remain confidential. The Committee faced resistance on multiple fronts, including refusals by White Oak and

**Arent Fox**

The Honorable
Michael E. Wiles
August 4, 2021
Page 2

Mr. Greensill to comply with the Committee's requests. The Committee attempted to resolve these issues consensually until July 17, when the Committee agreed to a "pencils down" standstill on discovery and litigation related to the Finacity Sale proposed by the Debtor in order to pursue settlement discussions. As a result, the Committee refrained from completing discovery for more than two weeks, postponing the depositions of the Debtor, GLC, Mr. Greensill, and certain bidders; pursuit and review of documents; and resolution of discovery disputes.

Although the Committee was (and remains) hopeful that a resolution could be reached surrounding the transaction described by Debtor's counsel on July 8, it recently came to the Committee's attention that the transaction has fundamentally changed in a manner that is detrimental to the estate and contrary to the express terms of White Oak's bid. Specifically, the Committee understands that – contrary to the terms of White Oak's winning bid – White Oak is now demanding that the estate effectively release approximately $25 million in claims arising from the 2019 SPA by requiring the Debtor to turn over litigation recoveries to Finacity on account of potential guaranty liabilities.

The Committee is obviously troubled by this development, which represents yet another irregularity in a deeply flawed sale process that disenfranchised potential bidders and has now allowed the last bidder standing, White Oak, to require the release of more than $25 million in estate claims for <u>no additional consideration</u>. Nonetheless, the Committee anticipates that the Debtor will seek to schedule a hearing on the altered Finacity Sale at today's status conference. It is essential, however, that in considering any such sale, the Court is equipped with the relevant facts and information regarding the sale process and the value proposition and releases that will be submitted for approval.

Accordingly, the Committee wishes to ensure that it is afforded sufficient time to resume and complete discovery surrounding the Finacity Sale (as well as the Debtor's IP and DIP Motions), including (a) collection and review of documents; (b) completion of depositions; (c) resolution of any discovery disputes; (d) completion of any supplemental sale objection; (e) compliance with the Court's procedures on sealing and unsealing documents; and (f) compliance with the Court's pre-trial and Zoom hearing protocols.

# Arent Fox

The Honorable
Michael E. Wiles
August 4, 2021
Page 3

      The Committee believes that the foregoing may be accomplished to permit a contested hearing to occur as soon as August 24 (but no earlier), provided that appropriate guard rails are put in place, including (i) this Court's approval of expedited discovery; and (ii) the implementation of a litigation schedule along the lines proposed in the Addendum to this letter, including but not limited to the scheduling of a pre-trial conference on August 17 (the existing omnibus hearing date); and to resolve any remaining discovery issues, motions in limine, and trial logistics surrounding witnesses and exhibits.

Respectfully submitted,

**ARENT FOX LLP**

By: _/s/ George P. Angelich_
George P. Angelich, Esq.
1301 Avenue of the Americas, Fl. 42
New York, NY 10019

cc:    All Counsel of Record (*via ECF*)

**Addendum**

| Event | Dates/Deadlines |
|---|---|
| Service of All Remaining Document Productions and Privilege Logs on Committee | Friday, August 6 |
| Filing of Debtor's Declarations in Support of Finacity Sale and related documentation | Friday, August 6 |
| Depositions of Debtor, GLC, Lex Greensill, White Oak, and Potential Bidders A & B | Tuesday, August 10 – Tuesday, August 17 |
| Motions in Limine | Monday, August 16 |
| Joint Pre-trial and Zoom Procedures Order | Monday, August 16 |
| Pre-Trial Conference | Tuesday, August 17 |
| Committee's Supplemental Objections to Sale, IP, and DIP Motions | Friday, August 20 |
| Reply Briefs to Committee's Objections | Monday, August 23 |
| Hearing on Sale, IP, and DIP Motions | Tuesday, August 24 (or the first day convenient to the Court thereafter) |